## UNITED STATES v. 86.6 ACRES OF LAND IN MERRIMACK COUNTY, N. H., et al.

### Civil No. 94.

District Court, D. New Hampshire.

April 15, 1942.

Alexander Murchie, U. S. Atty., of Concord, N. H., for the United States.

Robert Upton, of Concord, N. H., for landowner.

MORRIS, District Judge.

This is an action brought by the United States of America for condemnation of 86.6 acres of land in Merrimack County for the purpose of constructing a dam for flood control at Franklin, New Hampshire.

The land to be taken comprises four tracts owned by various individuals. Three commissioners were appointed by the Court to determine fair compensation for the land taken. They took a view of the premises, heard the testimony of witnesses and on January 5, 1942, filed their report. From this report Cora B. Foster, owner of Tract No. 238 has appealed from the award of the commissioners and asks to have her damages assessed by a jury.

The United States resists the motion for a jury trial in this case and claims that the landowners have no right to a jury trial in condemnation cases on the issue of just compensation.

The question for decision is whether or not, in condemnation cases prosecuted in New Hampshire by the United States of America, the landowner has a right in the first instance, or ultimately, to a trial by jury on the issue of just compensation.

The present action was brought under 33 U.S.C.A. § 591, which requires "such proceedings to be prosecuted in accordance with the laws relating to suits for the condemnation of property of the States wherein the proceedings may be instituted."

Whether this action might have been brought under 40 U.S.C.A. § 257, is immaterial for the rights of the parties must be determined by the law under which the action is brought.

The first point to be considered is whether there is any right of trial by jury under either of the Federal or State Constitutions.

The Seventh Amendment of the Federal Constitution provides that: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

It has been consistently held by the United States Supreme Court that the language of this Amendment is not applicable to assessment of damages in condemnation cases. Secombe v. Railroad Co. 23 Wall. 108, 23 L.Ed. 67; United States v. Jones, 109 U.S. 513, 3 S.Ct. 346, 27 L.Ed. 1015; Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; Backus v. Fort Street Union Depot Co., 169 U.S. 557, 18 S.Ct. 445, 450, 42 L.Ed. 853.

I quote the following from the case of Backus v. Fort Street Union Depot Co., supra: "But the constitution of the United States does not forbid a trial of the question of the amount of compensation before an ordinary common-law jury, or require, on the other hand, that it must be before such a jury. It is within the power of the state to provide that the amount shall be determined in the first instance by commissioners, subject to an appeal to the courts for trial in the ordinary way; or it may provide that the question shall be settled by a sheriff's jury, as it was constituted at common law, without the presence of a trial judge. These are questions of procedure which do not enter into or form the basis of fundamental right. All that is essential is that in some appropriate way, before some properly constituted tribunal, inquiry shall be made as to the amount of compensation, and, when this has been provided, there is that due process of law which is required by the federal constitution."

The Constitution is not self executing and Congress passed an Act Sept. 24, 1789, which with various amendments is now 28 U.S.C.A. § 770, which provides that: "The trial of issues of fact in the district courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceeding[s] in bankruptcy, shall be by jury."

The object of this provision seems to have been to carry out the constitutional provision guaranteeing the right to trial by jury in common-law cases.

It is not to be construed to include cases which do not come within the constitutional guarantee. This statute has no reference to condemnation cases. It does not secure to landowners whose property is taken, or to the United States that takes property for public use, the right of a jury trial in fixing just compensation.

We next turn to the provisions of the Constitution of the State of New Hampshire. The Twentieth article of our Bill of Rights contains the following: "In all controversies concerning property—and in all suits between two or more persons, except in cases in which it has been heretofore otherwise used and practiced, * * * the parties have a right to a trial by jury."

Leading cases on this point are Petition of Mount Washington Road Company, 35 N.H. 134, and Backus v. Lebanon, 11 N.H. 19, 35 Am.Dec. 466, which hold that such proceedings fall within the exception of the guarantee but see discussion in the case of Copp v. Henniker, 55 N.H. 179, 187, 20 Am.Rep. 194.

It is however, generally conceded, that in eminent domain proceedings there is no constitutional right to trial by jury. It follows therefore, that whether or not the damages of the landowner shall be assessed by a jury is a question of practice and procedure to be determined in accordance with the relevant statute law.

The federal statute provides that the proceedings shall be "in accordance with the laws relating to suits for the condemnation of property of the States wherein the proceedings may be instituted." 33 U.S.C.A. § 591.

In the case of United States v. Certain Lands in Town of New Castle, C.C., 165 F. 783, 787, Judge Putnam held that this provision means that "the [State] statutes as a whole are to be looked through, and that, where those statutes are not harmonious with reference to details, the proceedings in the federal courts are to be in accordance with the underlying spirit of the whole of them."

I construe Judge Putnam's language to mean that he recognized the difficulty of

selecting any specific New Hampshire statute to be followed in condemnation cases and therefore held that the proceedings must be such as to embody the underlying spirit of the various statutes.

■ After an examination of all of the existing New Hampshire statutes relating to eminent domain proceedings, I find the landowner is given the right to have his damages assessed by a jury at some stage of the proceedings. This appears to me to be in accordance with the "underlying spirit of the whole of them."

The most pertinent state statute is Public Laws, ch. 19, §§ 18–25, authorizing the governor and council to acquire real estate in the name of the state for public purposes by exercise of the power of eminent domain. These sections provide that the governor and council may, in the name of the state, file a petition in the superior court to acquire by condemnation any real estate needed for public purposes.

Section 23 of this chapter provides for the appointment of a commission of three persons by the court who "shall assess the damages and make a return of their assessment to the court." Section 24 provides that: "Such owners, or either of them, or the state, if dissatisfied with said award or decree as to title, shall be entitled to a trial by a jury. * * *" The procedure outlined above has been incorporated by reference into section 1 of chapter 132, Laws of 1935, granting to the Aerial Tramway Commission the power of eminent domain, and also into section 6 of chapter 4, Laws of 1936, Special Session, granting to the Maine-New Hampshire Bridge Authority the same power. In the laying out of a highway, a jury trial may be demanded in the superior court. P.L., ch. 75, § 10. The landowners' damages are assessed first by the selectmen subject to a right of appeal to the superior court for an assessment by the county commissioners and ultimately by a jury.

In the condemnation of land by a town or city for public purposes, the initial award of damages is made by the municipal governing body, but an appeal lies to the superior court, where the procedure is the same as in the case of the laying out of highways. P.L., ch. 42, § 71. The same is true of the condemnation of land by a county for public purposes. P.L., ch. 35, § 28. In eminent domain proceedings begun by the governing body of a school district or of a precinct, a jury trial may be had upon appeal to the superior court. P.L., ch. 122, § 18; ch. 57, § 17. In the laying out of sewer lines, the landowners' damages are assessed in the first instance by the municipal governing body with the right of appeal. P.L., ch. 95, § 4. In proceedings by railroads and public utilities to condemn land or rights in land, The Public Service Commission first determines the landowners' damages, but an appeal from the Commission's award may be taken to the superior court where a trial may be had. In proceedings by the Water Resources Board to condemn land for water storage and conservation projects, the damages are assessed in the superior court by a commission of three persons appointed by the court, unless either party shall elect to have a jury trial. Laws of 1935, ch. 121, § 8, as amended by Laws of 1937, ch. 118, § 6.

The underlying principle which stands out more prominently than any other in the New Hampshire statutes is the right, at some stage in the proceeding, to a trial by jury.

The government takes the position that the conformity statute relates only to state procedural statutes and not to substantive or fundamental rights. As already stated there appears to be no constitutional right to a trial by jury in condemnation cases but the federal laws in providing that the proceedings shall be in conformity to state statutes has recognized what appears to be a fundamental law in New Hampshire although it may not be strictly so designated. Whether a jury trial be a substantive right or a procedural right is of little consequence as the federal conformity statute provides that it be followed.

The government suggests that jury trials in eminent domain proceedings are cumbersome under the New Hampshire statutes and therefore should not be permitted.

■ Condemnation statutes are in derogation of the rights of private ownership and should be strictly construed unless so cumbersome as to deprive the state of its power to take property for public use. There is nothing in the New Hampshire statutes that would deprive the state or government of such power.

I hold that in condemnation proceedings for the taking of land in the State of New Hampshire, the parties are entitled at some stage of the proceedings to a trial by jury on the question of just compensation.